IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. **3:15CR53**

**KARON L. GRANT,**

Petitioner.

### MEMORANDUM OPINION

Karon L. Grant, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 84) arguing that his firearm convictions and sentence are invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government has responded. As explained below, Grant's claim lacks merit and will be DISMISSED.

### I. Pertinent Factual and Procedural History

On March 31, 2015, Grant was charged in a two-count criminal information with: aiding and abetting another with possessing and brandishing a firearm in furtherance of a crime of violence, to wit, the Hobbs Act robbery of an employee of the Cigarette Outlet (Count One); and, aiding and abetting another with possessing and brandishing a firearm in furtherance of a crime of violence, to wit, the Hobbs Act robbery of an employee of the Tobacco Zone 5 Store (Count Two).[1] (ECF No. 47.) On April 6, 2015, pursuant to a written plea agreement, Grant pled guilty

---

[1] Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

When the Court sentenced Grant, a second or subsequent § 924(c) conviction mandated a higher mandatory minimum penalty, as well as mandatory "stacking" of these sentences for each count of conviction. This was so because, in *Deal v. United States*, 508 U.S. 129 (1993), the Supreme Court held that, even when multiple counts under § 924(c) were in the same indictment

to Counts One and Two of the Criminal Information. (ECF No. 51, at 1.) On January 27, 2016, the Court sentenced Grant to 384 months of imprisonment. (ECF No. 77, at 2.)

On February 8, 2017, Grant filed his § 2255 Motion arguing that *Johnson v. United States*, 135 S. Ct. 2551 (2015) and related cases invalidate his convictions.

## II. Analysis

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[2] The *Johnson* Court concluded that the way the

---

or criminal information, the conviction on the first count did not have to be final before the mandatory increases and stacking provisions were triggered. Thus, a defendant like Grant with two or more § 924(c)(1)(A)(ii) counts in one information was subject to a mandatory minimum of seven years on the first count, and twenty-five years on each additional count. The Court sentenced Grant to seven years imprisonment on Count One and twenty-five years imprisonment on Count Two in accordance with the statutes at the time of his offenses. (ECF No. 77, at 2.)

In December 2018, Congress enacted The First Step Act of 2018, Publ. L. No. 115-291, 132 Stat. 5194 ("the First Step Act"). "Under the First Step Act, the mandatory minimum sentences for convictions under 18 U.S.C. § 924(c) were reduced." *United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *1 (E.D. Va. Mar. 16, 2020). The Act has subsequently revised section 924(c)(1)(C) by providing that the higher penalty for a "second or subsequent count of conviction" under section 924(c) is triggered only if the defendant has a prior section 924(c) conviction that has become final. *See Redd*, 2020 WL 1248493, at *3 ("As a practical matter, an offender now faces a mandatory five year consecutive sentence, rather than an enhanced 20 or 25 year sentence, for a second or subsequent § 924(c) conviction when multiple § 924(c) offenses are charged in the same indictment without a previous final § 924(c) conviction."). The First Step Act did not make this change retroactive, thus it does not automatically alter Grant's sentence. *See United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019) ("In 2018, Congress changed the law so that, going forward, only a second § 924(c) violation committed after a prior [§ 924(c)] conviction has become final will trigger the 25-year minimum.")

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

2

Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 2557–58 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

Grant contends that following *Johnson* the offense of Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his convictions must be vacated. Although Grant was not sentenced pursuant to ACCA, he asserts that the Residual Clause of § 924(c) is materially indistinguishable from the ACCA Residual Clause, (18 U.S.C. § 924(e)(2)(B)(ii)), which the Supreme Court in *Johnson* struck down as unconstitutionally vague.[3]

At the time of Grant's conviction, the United States could demonstrate that an underlying offense constituted a crime of violence if it established that the offense was a felony and satisfied one of two requirements. Namely, the statute defined a crime of violence as any felony:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause. *United States v.*

---

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[3] Indeed, the Supreme Court has since found § 924(c)'s *Residual Clause* unconstitutionally vague, *Davis*, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague"), but that finding does not alter this decision, because as explained below, Hobbs Act robbery qualifies as a crime of violence under the *Force Clause* of § 924(c).

3

*Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Nevertheless, as explained below, attempted Hobbs Act robbery qualifies as a crime of violence under the Force Clause.

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). The statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). As this Court has previously concluded, committing Hobbs Act robbery necessarily involves the threatened use or fear of physical force:

> a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, No. 3:15cr102, 2015 WL 5920008, at *4 (E.D. Va. Oct. 9, 2015) (citation omitted). This is because "[f]ear is the operative element facilitating the taking," *id.*, and "any act or threatened act which engenders a fear of injury implicates force and potential violence," *id.* (citing *United States v. Castleman*, 134 S. Ct. 1405, 1414–15 (2014)); *see also Castleman*, 134 S. Ct. at 1416–17 (Scalia, J. concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."). Put simply, common sense dictates that any "fear of injury" flows from the fear of physical force.

*United States v. Herstch*, No. 3:17cr92, 2017 WL 4052383, at *4 (E.D. Va. Sept. 12, 2017) (alteration in original).

The United States Court of Appeals for the Fourth Circuit reached the same conclusion and held that Hobbs Act robbery constitutes a valid crime of violence under the Force Clause.[4]

---

[4] Even though Grant's convictions involved aiding and abetting Hobbs Act robbery, those offenses remain valid under the Force Clause. "Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery." *In re Colon*, 826

4

*See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir.), *cert. denied sub. nom. Uhuru v. United States*, 140 S. Ct. 639 (2019). Accordingly, because Hobbs Act robbery constitutes a categorical crime of violence pursuant to the Force Clause it can serve as the basis for the § 924(c) charges in Counts One and Two. As a result, Grant's claim invoking *Johnson* and its progeny lack merit.

### III. Conclusion

The § 2255 Motion (ECF No. 84) will be DENIED. Grant's claim and the action will be DISMISSED. Grant's request to dismiss Counts One and Two pursuant to Federal Rule of Criminal Procedure 12(b)(2)&(3) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 6/11/20
Richmond, Virginia

---

F.3d 1301, 1305 (11th Cir. 2016). Aiding and abetting Hobbs Act robbery, therefore, also qualifies as a crime of violence under the Force Clause of Section 924(c). *Id.* at 1305; *United States v. Grissom*, 760 Fed. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); *see also United States v. Brayboy*, 789 F. App'x 384, 385 (4th Cir. 2020) ("While [the Fourth Circuit] did not address aiding and abetting liability in *Mathis*, every circuit to have considered [whether aiding and abetting Hobbs Act robbery should *not* be a predicate crime] has rejected it."). As such, Grant's § 924(c) convictions predicated on aiding and abetting Hobbs Act robbery remain valid.